UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BERNARD GRAY, #406615,

        Petitioner,

v.

MITCHELL PERRY,

        Respondent.
_____/

Case No. 10-cv-13340

Honorable Patrick J. Duggan

### OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Gregory Bernard Gray ("Petitioner"), a state prisoner currently confined at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence for three counts of first-degree home invasion, Michigan Compiled Laws § 750.110a(2); one count of attempted second-degree home invasion, Michigan Compiled Laws § 750.110a(3); one count of unarmed robbery, Michigan Compiled Laws § 750.530; one count of assault with intent to do great bodily harm less than murder, Michigan Compiled Laws § 750.84; one count of resisting a police officer, Michigan Compiled Laws § 750.81(d)(1); and being a second felony habitual offender, Michigan Compiled Laws § 769.11. For the reasons stated below, the petition is summarily denied. The Court declines to issue a certificate of appealability, and denies Petitioner leave to proceed on appeal *in forma pauperis*.

## I. Procedural Background

Petitioner pleaded *nolo contendere* to the above offenses in the Genesee County Circuit Court, and received a sentence of seventy-eight to one hundred sixty-two months in prison. The Michigan Court of Appeals affirmed his conviction and sentence. *People v. Gray,* No. 296658 (Mich. Ct. App. Mar. 29, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 26, 2010. *People v. Gray*, 784 N.W.2d 818 (Mich. 2010).

Petitioner filed his habeas petition with this Court on August 23, 2010, raising the following claims:

> I. Did the police fail to exercise due diligence in the issuance of an arrest warrant against petitioner while he was incarcerated on another case, thereby requiring that defendant must be given credit from the beginning of his incarceration and not just from the date when his arrest warrant issued?
>
> II. Did the trial court err in requiring petitioner to pay attorney fees without first assessing his ability to pay?
>
> III. Is petitioner entitled to have objected to inaccurate information stricken from the judgment of sentence and a corrected judgment of sentence forwarded to the Michigan Department of Corrections?
>
> IV. The trial court abused its discretion in ordering petitioner to pay costs as part of his sentence.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If, after preliminary consideration, the

Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Rule 4 requires dismissal of petitions raising legally frivolous claims and those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). No return of a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return. *Allen,* 424 F.2d at 141. The Court has completed this review and concludes that the petition must be denied because its claims lack merit.

**A. Petitioner's Sentencing Credit Claim**

Petitioner claims that he is entitled to jail credit for two hundred sixty-three days between the date of his offense and the issuance of the arrest warrant, as he was incarcerated for other offenses during this time. Petitioner claims that he is entitled to this additional credit because the police failed to exercise due diligence in issuing an arrest warrant against him. A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). A prisoner generally has no constitutional right to sentencing credit, although state law may create a liberty interest in sentencing credit protected by the Due Process Clause. *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992). Petitioner seeks credit for time served while he was "imprisoned on other cases," Pet. 5, but

3

Michigan's jail credit statute does not credit prisoners with time served for unrelated offenses. Mich. Comp. Laws § 769.11b; *People v. Prieskorn*, 424 Mich. 327, 344, 381 N.W.2d 646, 652 (Mich. 1985). Because Michigan law does not create a right to the credit Petitioner seeks, his claim is not cognizable on habeas review.

**B. Petitioner's Claims Regarding Costs and Attorney's Fees**

Petitioner contends that the trial court erred in ordering him to pay court costs and to reimburse the court for the cost of his appointed attorney. The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246 (2005). A petition for writ of habeas corpus may not challenge the imposition of a fine or other costs. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Petitioner also may not dispute the trial court's assessment of attorney's fees, as his claim does not challenge his confinement. *Johnson v. Metrish*, No. 07-12265, 2010 U.S. Dist. LEXIS 54950, at *6 n.3 (E.D. Mich. Jun. 3, 2010). Petitioner is not entitled to habeas relief on these claims.

Petitioner argues that corrected information pertaining to assessed costs and fees must be forwarded to the Michigan Department of Corrections. Because a habeas petition may not challenge assessed costs and fees, this claim lacks merit.

**C. Certificate of Appealability and Leave to Appeal *In Forma Pauperis***

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

4

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). Because Petitioner has failed to state a constitutional claim, reasonable jurists could not conclude that he has shown the denial of a constitutional right. Thus, the Court declines to issue Petitioner a certificate of appealability. The Court also denies leave to appeal *in forma pauperis*, as appeal would be frivolous. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and **DENIES** him an application for leave to appeal *in forma pauperis.*

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Dated: ctober 7, 2010
Copies to:
Gregory Bernard Gray, #406615
Newberry Correctional Facility
3001 Newberry Avenue
Newberry, MI 49868

Magistrate Judge R. Steven Whalen

5